14-1205-cv (L)
*Marini v. Adamo*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of March, two thousand sixteen.

PRESENT:   RALPH K. WINTER,
           DENNY CHIN,
           SUSAN L. CARNEY,
                *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ROCCO MARINI, TRKNITTING MILL, INC., JOSEPHINE MARINI,

        *Plaintiffs-Appellees-Cross-Appellants*,

        v.            14-1205-cv, 14-1706-cv

HARRY ADAMO, JR., THE BOLTON GROUP, INC., H. EDWARD RARE COINS & COLLECTIBLES, INC.,

        *Defendants-Appellants-Cross-Appellees*,

LISA ADAMO,

        *Defendant-Cross-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFFS-APPELLEES-        SCOTT A. MOSS, Moss Law Practice,
CROSS-APPELLANTS:                Denver, Colorado.

FOR DEFENDANTS-APPELLANTS-CROSS-APPELLEES and DEFENDANT-CROSS-APPELLEE:

TOM M. FINI, Jacques Catafago, Catafago Fini LLP, New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Bianco, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendants-appellants-cross-appellees Harry Adamo, Jr. ("Adamo") and The Bolton Group, Inc., and H. Edward Rare Coins & Collectibles, Inc. (together, the "coin companies") and plaintiffs-appellees-cross-appellants Rocco Marini ("Marini"), TRKnitting Mill, Inc., and Josephine Marini appeal from the April 16, 2014 judgment of the United States District Court for the Eastern District of New York. Following a bench trial, in a memorandum and order dated February 6, 2014, the district court found Adamo and the coin companies liable under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (the "Exchange Act"), and under New York common law for fraud, breach of fiduciary duty, unjust enrichment, and money had and received. In a subsequent memorandum and order dated April 15, 2014, the district court concluded that defendant-cross-appellee Lisa Adamo was not liable on plaintiffs' claims for unjust enrichment and money had and received. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

Plaintiffs' claims arise from a series of rare coin transactions between Marini and Adamo, a rare coin dealer. The district court found that Adamo defrauded

Marini, his close friend, over a period of several years by making false and material misrepresentations to induce Marini to buy 86 rare coins for investment purposes at grossly inflated values. The district court reached that conclusion after a twelve-day bench trial, and it explained its reasoning and credibility determinations in a fifty-page memorandum and order setting forth findings of fact and conclusions of law. Then, after supplemental briefing, the district court issued its second decision with respect to the claims against Lisa Adamo. Upon review, we affirm for substantially the reasons set forth by the district court with respect to the common law fraud and breach of fiduciary duty claims. We add the following.

Defendants contend that the district court lacked subject matter jurisdiction because the coin transactions did not constitute "securities transactions" for purposes of the federal securities law claim. We conclude that the district court had subject matter jurisdiction in this case. The original complaint filed in 2008 asserted federal RICO and securities claims, and those claims remained in the case even after the filing of summary judgment motions and the denial thereof, in which the district court gave studied consideration to defendants' arguments about the nature of the transactions at issue. *See Marini v. Adamo*, 812 F. Supp. 2d 243, 255-71 (E.D.N.Y. 2011). Plaintiffs agreed to dismiss the RICO claim solely in exchange for defendants' stipulation that the coin transactions constituted "securities transactions." By the time of trial, following the close of discovery approximately three years after the original

complaint was filed, and even assuming the securities claims lacked merit, the district court did not abuse its discretion in exercising supplemental jurisdiction over the related common law claims. *See, e.g., Kroshnyi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 102 (2d Cir. 2014) ("[T]he advanced stage of the litigation and the Court's long familiarity with the issues in the case, combined with the likely hardship to both parties should plaintiff be forced to re-file in state court weighed in favor of exercising supplemental jurisdiction." (internal quotation marks omitted)); *see also* 28 U.S.C. § 1367(c) (providing that the court "*may* decline to exercise supplemental jurisdiction over a claim" if, among other factors, "the district court has dismissed all claims over which it has original jurisdiction"). We need not decide whether the district court correctly held that the coin transactions were "securities transactions," for even assuming they were not, the amount of damages awarded by the district court on the common law claims would not be affected. For the reasons stated by the district court, there was ample evidence to support its findings of fraud on plaintiffs' state law fraud and breach of fiduciary duty claims.

Defendants also argue that a broker's management of non-discretionary accounts on behalf of a client generally does not give rise to a fiduciary relationship. *See Indep. Order of Foresters v. Donald, Lufkin & Jenrette, Inc.*, 157 F.3d 933, 940 (2d Cir. 1998) ("Under New York law, as generally, there is no general fiduciary duty inherent in an ordinary broker/customer relationship."). Marini and Adamo's close relationship,

however, far exceeded that of an arms-length commercial relationship between a securities broker and his client. As the district court found, Marini's "complete 'confidence and reliance' in Adamo allowed Adamo to 'exercise[] control and dominance over [Marini].'" *Marini v. Adamo*, 995 F. Supp. 2d 155, 202 (E.D.N.Y. 2014) (quoting *People ex rel. Cuomo v. Coventry First LLC*, 13 N.Y.3d 108, 115 (2009) (providing that fiduciary relationship "exists only when a person reposes a high level of confidence and reliance in another, who thereby exercises control and dominance over him")). We agree with the district court that this was sufficient to create a fiduciary relationship.

Finally, we note that the district court erred in ruling against defendants on plaintiffs' common law claims of unjust enrichment and money had and received, for those claims were duplicative of the common law fraud and fiduciary duty claims. *See Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012) (providing that an unjust enrichment claim that merely "duplicates, or replaces, a conventional contract or tort claim" may not proceed). We need not alter the judgment, however, as our conclusion does not affect the amount of damages awarded by the district court.

We have reviewed the parties' remaining arguments on appeal, including the arguments in support of the cross-appeal, and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk